## STATE ex rel. ALBERT G. LATIMER, etc., Appellant, v. WILLIAM O. GRAY, Respondent.

### St. Louis Court of Appeals, March 3, 1903.

1. **Probate Judge: R. S. 1899, SEC. 1760, CONSTRUED: INTERESTED AS COUNSEL.** Under Revised Statutes 1899, section 1760, providing that the probate judge may practice as an attorney in any of the courts of the State except his own, but shall not sit in a case in which he may have been counsel, and when a party interested in the litigation shall file written objections verified by affidavit alleging that such judge has been of counsel in the cause, then it shall be the duty of such judge to certify the cause to the county or circuit court for decision.

2. ————: ————: **AFFIDAVIT, ALLEGING INTEREST OF JUDGE.** The affidavit filed, charging the judge with having been of counsel for some of the parties in the cause, can not be passed on by the judge, but under the statute, it becomes his duty to certify the cause to the circuit court.

3. ————: ————: **EXCEPTIONS TO REPORT OF ADMINISTRATOR.** The fact that the probate judge is alleged to have been of counsel, only in some of the matters of exceptions, will not warrant his retaining jurisdiction of the other exceptions to the report, but the exceptions as a whole, should be certified to the circuit court.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. H. Blair & Son* for appellant.

(1) The affidavit charges that respondent had been counsel in some of the five exceptions filed to the settlement. It was unnecessary to specify which one or more. If he had assumed the attitude and responsibility of an attorney in any one of said issues, that disqualified him from sitting in the case as judge, and determining any matter in the settlement of the estate. In re Estate Albert, 80 Mo. App. 557. (2) The fourth special demurrer is without merit. The filing of the written objection deprived the probate court of further jurisdiction in the cause (sec. 1760, R. S. 1899) and it could do nothing but perform the ministerial duty of certifying the cause to the county or circuit court. Bennett v. McCoffey, 28 Mo. App. 220; State v. Gonzhorn, 52 Mo. App. 220; State v. Clayton, 34 Mo. App. 563; 19 Am. and Eng. Ency. Law, page 834; In re Estate Albert, 80 Mo. App. 557.

*J. D. Hostetter* and *Geo. W. Emerson* for respondent.

Section 1760, we contend, makes two conditions precedent to the objector's right to demand a certification of the case, viz.: first, the judge must in point of fact have been of counsel in the case before him, and second, objections in writing verified by affidavit must be filed. Both these conditions must concur in order to deprive him of jurisdiction.

GOODE, J.—Albert G. Latimer, the relator, is the administrator of the estate of Mary A. Latimer, deceased, the administration being in progress in the probate court of Pike county, Missouri, of which the re-

spondent W. O. Gray was judge. Latimer filed his first annual settlement February 15, 1902, in said court, whereupon the residuary legatees of the will of the deceased, Mary A. Latimer, to-wit, Kate Monroe and Fanny Edwards, filed exceptions to said settlement, averring that the administrator had taken credit for $114.59 for commissions when he was entitled to only $12.72; that he had failed to charge himself with $350 paid him as administrator by George Schwegman; that he had failed to charge himself with $1,200, the price received for a piece of real estate sold to John E. Latimer; that he had failed to charge himself with interest on moneys of the estate which he had received; that he had used a portion of the money of the estate without accounting for interest on it and that he had failed to demand payment of accounts due the estate. The exceptions were set for hearing on May 19th following their filing, but prior to the hearing the administrator filed an objection, verified by affidavit, to Judge Gray's sitting at the hearing on the ground that he had been of counsel in some matters involved in the exceptions. Instead of certifying the exceptions to the circuit court, the probate judge overruled the objection to his sitting, heard the exceptions and sustained them to the extent of ordering that Latimer be charged on his settlement with the sum of $419.22 on account of the items excepted to.

After the objection to respondent's sitting was overruled, the relator took no further part in the hearing but applied to the circuit court of Pike county for an alternative writ of mandamus to compel the relator to vacate and annul his ruling on the exceptions and to certify the same to the circuit court for hearing and determination. An alternative writ was issued, both the writ and the petition stating the facts as they are stated above. Afterwards the respondent appeared in the circuit court and filed a motion to quash the alternative writ, for the reasons that neither the petition nor the

writ alleged the respondent had been the counsel in the case which the relator objected to his hearing; that it was not alleged the respondent had been executor or administrator of the estate; that the affidavit did not state in what particular matters assigned as grounds of exception respondent had been counsel and whether or not he had been counsel in any of said matters was a question of fact which it was his duty to pass on and find in order to correctly rule on the relator's challenge of his right to sit. The motion to quash was sustained by the circuit court and the relator appealed.

The following statute bears on the point at issue and the interpretation to be put on the statute will determine how the point should be determined:

"The judge of probate, if otherwise qualified, may practice as an attorney and counselor at law in any of the courts of this State, except his own; but no judge of probate shall sit in a case in which he is interested, or in which he may have been counsel or a material witness, or related to either party, or in the determination of any cause or proceedings in the administration and settlement of any estate of which he is or has been executor, administrator, guardian or curator, when any party in interest shall object in writing, verified by affidavit; and when such objections are so made, such cause shall be certified to the county or circuit court, which court shall hear and determine the cause; and the clerk of the county or circuit court shall deliver to said probate court a full and complete transcript of the judgment, order or decree made in such cause, which shall be kept with the papers in said office pertaining to said cause," etc. R. S. 1899, sec. 1760.

This case has caused us no little perplexity, principally on the question of whether the probate judge, when an objection is made to his hearing a cause, or some proceeding connected with the administration of an estate, on the ground that he had been of counsel in the matter, has the right to determine as a fact

whether or not he had been of counsel as alleged, and if he finds he had not, to refuse to certify the proceeding to the circuit court.

The language of the particular section involved differs from the section in relation to the course a justice of the peace must take when an affidavit is made that the title to real estate is involved in a case pending before him. R. S. 1899, sec. 3951.

The latter section by its words, as well as by the construction put on it, leaves the justice no discretion when such an affidavit is filed; but he is compelled to forbear the exercise of further jurisdiction and forthwith transmit the case to the circuit court. Bennett v. McCaffrey, 28 Mo. App. (St. L.) 220.

The statute relating to the practice in similar conjunctures in the probate court is less peremptory and may, perhaps, allow the inference that an objection to a probate judge proceeding because he is interested or has been of counsel is not enough to deprive him of further authority, but to have that effect the disqualifying fact must not only be charged but exist. Still, we think the safer view to take is, that on the filing of a duly verified objection the probate judge should certify the matter to the circuit court.

Of course no judge who has been of counsel in any litigation or controversy over a disputed right will wish to determine that right; neither, indeed, has he the power to do so. If no objection is made, he should on his own motion certify the case when he is aware he has an interest, has given advice or acted as an attorney. Gale v. Michie, 47 Mo. 326. All the more should he do so when a party in interest insists on a hearing before some other judge. Ibid.

If a false affidavit is filed—one alleging a probate judge had been of counsel in a particular controversy, when in truth he had not been—the affiant may be prosecuted; and this would seem to afford sufficient protection against wanton and unfounded objections.

A statute somewhat similar to ours exists in the State of Illinois and came up for construction in Graham v. The People ex rel., 111 Ill. 253. Jurisdiction of the administration of estates in that State appears to be in the county courts. One of the county judges of De-Witt county had been counsel in a certain administration matter which came before him later as county judge, to which office he was subsequently elected. The relatrix, who was administratrix of her deceased husband's estate, objected to Judge Graham passing on the matter, which involved the approval of the appraisement of the relatrix's award as widow. The objection filed by her asked that the hearing of the exceptions to the inventory and the appraisement of the widow's award be certified to the circuit court of the county for settlement, the Illinois statutes providing for that practice as ours do. Instead of certifying the exceptions, Graham awarded a change of venue to another county judge called in to preside in the county court where they were pending. Thereupon the administratrix sued out a mandamus to compel certification of the proceeding to the circuit court and the Supreme Court held it was the plain duty of Graham to do so when the objection was filed. That authority is more in point as to the right to have a particular matter arising in the administration of an estate certified than it is on the question of the competency of the probate judge to pass on the issue of whether he had been of counsel or not. As to the first proposition, the opinion says:

"We are, however, of opinion that only the questions in which the respondent is interested as counsel should be certified. In all other respects the settlement of the estate may proceed before him as well as another. An estate is not a single litigation. Its settlement may involve many distinct legal controversies, in some of which one attorney may be interested, and in others different attorneys—and so far as is here per-

ceived the interest of the respondent goes no further than the question of the widow's award."

On the whole, our opinion is that when the right of a probate judge to hear a matter arising in the course of administration is challenged by affidavit on the ground that he was of counsel or interested, the particular matter should be transmitted to the circuit court. If frivolous or unwarranted objections tending to embarrass a probate court in the exercise of its jurisdiction or the performance of its duties, are made, the criminal law of the State may be called into play to punish the offender.

As to the point that the affidavit stated that Judge Gray had been of counsel in *some* of the matters of exception, we think the same tribunal ought to pass on all the exceptions. It would introduce confusion into administration affairs if each item in a list of specified exceptions to a settlement was regarded as a separate proceeding to be certified to the circuit court on objection or retained by the probate court according to circumstances. The exceptions as a whole constitute a step in the process of administration and should all be settled on one hearing and by the same tribunal.

The judgment is, therefore, reversed and the cause remanded with directions to the circuit court to grant a peremptory writ of mandamus commanding the probate court to vacate the order made sustaining the exceptions to relator's annual settlement and to certify said exceptions to the circuit court of Pike county for hearing and determination. *Bland, P. J.*, and *Reyburn, J.*, concur.