STATE of Missouri ex rel. John R.
MUSSER, Relator,

v.

Richard W. DAHMS, Judge of the Probate
Court of Buchanan County, Respondent.

Nos. 25346, 25353.

Kansas City Court of Appeals,
Missouri.

Oct. 5, 1970.

Theodore M. Kranitz, St. Joseph, for relator.

David H. Morton and James H. Counts, St. Joseph, for respondent.

## ORIGINAL PROCEEDINGS IN MANDAMUS AND PROHIBITION

HOWARD, Judge.

These are two original proceedings initiated in this court by the relator, John R. Musser, seeking relief against the rulings of the respondent judge of the probate court of Buchanan County, Missouri. The first seeks a writ of mandamus to compel the respondent to allow an appeal from respondent's ruling on relator's "Application for Removal of the Guardian of the Person and Estate of Mary Musser." In the other case, relator filed an affidavit to disqualify the probate judge, which was denied, and he now seeks our writ of prohibition to prohibit the respondent judge from proceeding to hear and determine his motion to set aside previous orders directing the sale of real and personal property of the estate of Mary Musser and permitting one Eleanor Thompson to recover certain described personal property from said estate. These two cases were consolidated by order of this court and may be disposed of in one opinion.

On January 28, 1969, the probate court of Buchanan County, Missouri, acting on the petition of one Mildred A. Hines, found Mary Musser to be an incompetent and ap-

pointed the said Mildred A. Hines as her guardian to have custody of the person and charge of the estate of the said Mary Musser. On application of the guardian, the court ordered such guardian to sell the real estate and personal property of the ward. Within a few days thereafter, the relator, who is a nephew of Mary Musser, filed his application in probate court to remove the guardian. After hearing, the probate court denied the application to remove the guardian on the basis that "the said applicant has failed to plead and prove any grounds for the removal of said guardian within the purview of Sections 475.100 and 473.140, R.S.Mo., 1959 [V.A.M.S.]."

On the day of the above ruling, one Eleanor Thompson filed her "Petition to Recover Personal Property" described therein on the basis that she was the owner thereof and that such property had been loaned to Mary Musser. The court, with the consent of the guardian, ordered that the guardian return the described property to Eleanor Thompson.

On August 20, 1969, the relator filed his Affidavit for Appeal in the probate court, seeking to appeal from the judgment of that court denying his application to remove the guardian. The affidavit specified the order appealed from and averred "That this appeal is not taken for the purpose of vexation or delay, but because affiant believes that he is aggrieved by the decision of the Court." Relator also, on August 20, 1969, filed his motion to set aside the previous orders of the court directing the sale of the real and personal property of the ward and permitting Eleanor Thompson to recover the described personal property.

The guardian filed a motion to dismiss relator's affidavit for appeal on the grounds that: (1) relator "is not a party to the estate of Mary Musser"; (2) he is not an "interested person" within the meaning of the statute authorizing appeals from the probate court; (3) he is not an heir of Mary Musser; and (4) he is not aggrieved by the order of the court. The court sustained the guardian's motion to dismiss on the basis of its finding that John R. Musser, a nephew of Mary Musser, was not a party to the estate of Mary Musser; was not an interested person; was not an heir; was not aggrieved by the order of the court, and had no standing to appeal.

As to the "Motion to Set Aside Previous Orders" theretofore filed by relator, he filed an "Application to Disqualify Judge" on the ground that the judge "is biased and prejudiced against this affiant", and that on the trial of his application to remove the guardian, in circuit court on appeal, the judge "will be a material witness in the cause." This motion to disqualify was contested by the guardian and on September 2, 1969, the probate court found "that the said John R. Musser has no interest in this cause which entitles him to a disqualification of judge" and refused to disqualify himself.

Relator sought our writ of mandamus to require the probate judge to perform the ministerial functions of permitting the appeal from the order denying his application to remove the guardian, and certifying the record as to such matter to the circuit court. He also sought our writ of prohibition to prohibit the probate judge from proceeding to hear and determine relator's motion to set aside previous orders or take any action thereon except to certify such matter to the probate court because of the disqualification of said probate judge. Our preliminary writ issued in each instance. The pleadings have been made up and the causes submitted for our decision.

■ The issues presented in each case are very narrow and limited. In their briefs and arguments, the parties have each studiously avoided referring to the issues presented. The only issue presented by these two writs concerns the scope of the authority of the probate judge and the duties imposed upon him by law once the notice of appeal or the application to disqualify the judge was filed by relator. We are not called upon to determine any question relating to the merits of these

matters and, as will appear, we are not called upon to determine whether or not relator has an "interest" in these proceedings or is a party aggrieved by the determinations of the probate court. We carefully refrain from expressing any opinions on these matters. Relator, in his brief, has contended that we have adjudicated certain questions by the issuance of our preliminary writs and by our orders overruling motions to dismiss. He should be speedily disabused of these delusions. By the issuance of our preliminary writs we adjudicated nothing. We only permitted the initiation of the respective proceedings. Our ruling on the motion to dismiss did not adjudicate the issues attempted to be presented by said motion because those issues were beside the point and were not real issues before this court. Thus, up to the present time, this court has not adjudicated one single issue presented in either of these two cases. We will now proceed to determine the true issues presented.

### THE APPEAL

█ Section 472.210, as amended, RSMo, 1959, V.A.M.S. of the Probate Code, designates what steps must be taken by one seeking to appeal from an order of the probate court. He must file an affidavit "that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes the appellant is aggrieved by the decision of the court" and must specify the orders, judgments or decrees appealed from. He must then file a written designation of the record he desires to be transmitted to the circuit court on the appeal and file an appeal bond when and as provided by law. The relator did file a designation of the record but such never became effective because of the order of the probate court denying his affidavit of appeal. For the same reason, the proceedings in the probate court did not reach a point calling for the filing of an appropriate bond.

No attack has been made upon the form or contents of the notice of appeal. It will be noted that the averment that the appeal is not taken for the purpose of vexation or delay but because affiant believes that he is aggrieved, is an almost in hæc verba quotation of the statute above cited. In Poppa v. Poppa, Mo.App., 364 S.W.2d 52, this court held that the filing of a proper notice of appeal ousted the probate court of jurisdiction of the cause and that the probate judge was authorized to take no further proceedings therein except to allow the appeal, certify the record and approve a proper bond. Delays or derelictions of the probate judge or clerk in performing these ministerial functions do not invalidate the appeal. See also Bensley v. Haeberle, 20 Mo.App. 648, and Lewellyn v. Lewellyn, 87 Mo.App. 9.

Consequently upon the filing of a proper notice of appeal, it is the duty of the probate court to process the same in an orderly fashion and certify the cause to the circuit court for trial de novo according to law. The probate judge was without authority to hold a hearing on the issue of whether or not relator was "interested" in the estate or an heir of Mary Musser or a party aggrieved by his order refusing to remove the guardian. These are matters which may properly be litigated in the circuit court on appeal. The standing of the appellant to appeal; whether or not he is a party aggrieved within the meaning of the appeals statutes; whether or not the order appealed from is an appealable order, etc., are all matters to be determined by the court to which the appeal is taken and not by the court from which the appeal is taken. See State ex rel. House v. White, Mo.App., 429 S.W.2d 277.

The case of In Re Shortridge, 229 Mo. App. 1011, 84 S.W.2d 983, relied on by respondent in this connection, does not support his contentions and is no authority for his action in entertaining a motion to dismiss the notice of appeal. The Shortridge case involved a dismissal by the circuit court after the appeal had been lodged therein on the basis that the appellant had no interest in the matter and was, therefore, not entitled to an appeal under the applicable statutes. This case merely points

up that the matter of whether or not the appellant is an "interested" party is for determination by the circuit court on appeal. It does not support the contention that the probate court is authorized to deny an appeal on such grounds. These observations are equally applicable to State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, 227 S.W. 64. We, therefore, conclude as to this aspect of the case that, upon the filing of the affidavit for appeal conforming to the requirement of the statute, see State ex rel. Reis v. Nangle, Mo.App., 349 S.W. 2d 508, the respondent probate judge was without authority to take any action other than to perform his ministerial duties of processing the appeal and certifying the record in due course and according to the mandatory requirements of the statutes. Our alternative writ of mandamus is, therefore, made peremptory.

## DISQUALIFICATION OF JUDGE

In the other case here presented, relator had filed his motion to set aside previous orders of the probate court directing the sale of Mary Musser's real and personal property and permitting one Eleanor Thompson to recover certain named items of personal property from the guardian. Before this motion was heard or ruled on, relator filed his "Application to Disqualify Judge" alleging that the respondent judge was "biased and prejudiced against this affiant." Such application to disqualify was denied by the probate court after hearing on the basis of his finding that relator "has no interest in this cause." Section 472.060, RSMo 1959, V.A.M.S., of the Probate Code, provides that no judge of probate shall sit in a case in which he is biased or prejudiced when any party objects in writing, verified by affidavit. When objections are made "the cause shall be certified to the circuit court." Bias and prejudice against a party is thus made a specific ground for disqualification and objection on this basis was made by relator in writing duly verified. The form of these written objections has not been attacked in this proceeding and we find that they are proper. In State ex rel. Latimer v.

Gray, 100 Mo.App. 98, 72 S.W. 1081, it was held that upon the filing of a proper affidavit of disqualification, the probate judge must certify the matter to the circuit court. He has no authority to hear evidence or make a factual determination of the alleged ground for disqualification.

The above quoted language of the statute that upon objection "the cause shall be certified to the circuit court" is mandatory in terms. This provision is comparable to that of Civil Rules 51.04 and 51.06, V.A.M.R., concerning disqualification of judge and change of venue in civil cases. Our courts have repeatedly held that upon the filing of proper application, the judge has no authority to proceed in the matter except to call in another judge or secure the transfer of a judge by order of the Supreme Court. See, for instance, In Re Boeving's Estate, Mo.App., 388 S.W.2d 40; State ex rel. Jakobe v. Billings, Mo., 421 S.W.2d 16; and State ex rel. Darling and Company v. Billings, Mo., 435 S.W.2d 377. It, therefore appears that on the filing of the proper application for disqualification, the respondent probate judge was without authority to proceed on relator's motion other than to certify the same to the circuit court and, therefore, our preliminary writ of prohibition should be made absolute.

In his order refusing to disqualify himself, the respondent probate judge cited State ex rel. Goodloe et al. v. Wurdeman, Mo., 227 S.W. 64, and In Re Shortridge, 229 Mo.App. 1011, 84 S.W.2d 983. We have heretofore distinguished the Shortridge case and what we said concerning the notice of appeal is equally applicable to this matter of disqualification. The Goodloe case was likewise an appeal dismissed in the circuit court because the appellant was not an interested party. It furnishes no authority or basis for the action of the respondent probate judge in refusing to disqualify himself.

On this appeal, respondent cites and relies on State ex rel. Morris v. Montgomery, 160 Mo.App. 724, 142 S.W. 474. There, a complaint of incompetency was filed and before it was heard, two brothers

of the alleged incompetent filed an application to disqualify the judge. They were strangers to the case and their status, in fact their names, did not appear in the records of the probate court. It was, therefore, held to be proper for the probate court to determine whether or not they had such standing as would permit them to disqualify the judge. This, on the basis that "otherwise there would be nothing in the files or the record to show his right to interfere, and manifestly that statute does not contemplate that a mere volunteer, with no interest in the case, should be permitted to force the removal of a cause to another court." Much the same situation prevailed in State ex rel. Jones v. Davis, 240 Mo.App. 411, 216 S.W.2d 155, where one whose name did not appear in the record of the probate court undertook to appeal, as an interested party, from an order allowing a claim against the decedent's estate, alleging that he was a son and heir of the deceased. It was there held proper for the probate court to receive evidence as to the status of the would-be appellant. The probate court refused to allow the appeal but upon the same evidence and in the same term of court, ruled that the would-be appellant was a son and heir of the deceased. Because of this determination this court affirmed the action of the circuit court in issuing its writ of mandamus compelling the allowance of the appeal.

In the cases at bar, relator is not a stranger to the record. He filed an application for the removal of the guardian and from its denial, he sought to appeal. Also, he filed a motion seeking an order of the probate court setting aside former orders of the court as to the sale of the incompetent's property, etc. He seeks to disqualify the probate judge from ruling on this motion. He is thus an interested party and the moving party in these particular motions and whether he will prevail on the appeal in the one instance or upon certification after disqualification of the judge in the other instance, depends upon determinations which are not before this court in these proceedings. Because of this differ-

ence in status, the principles governing the decisions in State ex rel. Jones v. Davis, and State ex rel. Morris v. Montgomery, supra, do not govern the determination of the issues at bar.

It is, therefore, ordered that our alternative writ of mandamus, heretofore issued, be made peremptory, and the respondent judge of the probate court of Buchanan County, Missouri, is hereby ordered and directed to proceed to process the appeal of relator, John R. Musser, to the circuit court of Buchanan County, Missouri, from the order of the probate court denying said relator's application for the removal of the guardian. It is further ordered that our preliminary writ of prohibition, heretofore issued, be made absolute and the respondent judge of the probate court of Buchanan County, Missouri, is prohibited from any further proceedings in the matter of the motion of John R. Musser, to set aside the previous orders of the probate court directing the sale of real and personal property of Mary Musser, and permitting one Eleanor Thompson to recover certain described personal property from the estate of Mary Musser, except to disqualify himself therein and to certify said matter to the circuit court for determination according to law.

All concur.