STATE ex rel. Alice OLIVER, Relator,

v.

The Honorable James
BRADLEY, Respondent.

No. 14228.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 25, 1985.

Rehearing Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Thomas D. Munro, Kansas City, for relator.

J.D. Baker, Osceola, for respondent.

MAUS, Judge.

The Relator filed in the Probate Division of the Circuit Court of St. Clair County a "Petition for Restoration or Modification of Guardianship." The 27th Judicial Circuit is composed of Bates, Henry and St. Clair Counties. The Respondent is Associate Circuit Judge of Bates County. By virtue of a transfer he had, in the Probate Division of the Circuit Court of St. Clair County, heard a Petition for Restoration previously filed by the Relator. With the last Petition the Relator filed a "Request for Change of Judge Pursuant to Rule 51.05." That request was taken up by the Respondent and denied. The basis assigned was that the Relator had been previously granted a change of judge. In this original proceeding, the Relator seeks a Writ of Prohibition restraining the Respondent from proceeding further and commanding him to grant the requested change of judge. A Preliminary Order of this court restrained the Respondent from proceeding further.

This court has not been supplied with a cohesive statement of the facts established by the record for the disposition of this cause. Many of the statements in the pleadings and entries in the documents that, under Rule 84.24, constitute the record are incomplete, often conclusory and cryptic. A pertinent docket sheet is missing. However, with the aid of some speculation, the following is an outline of the basic facts that can be gleaned from the record. See *Leamon v. City of Independence*, 625 S.W.2d 204 (Mo.App.1981). The

use of certain terms and recitation of certain procedures appearing in those documents should not be construed as approval of all such terms and procedures.

In April, 1981, in a proceeding before Associate Circuit Judge Raymond T. Huesemann of St. Clair County as Judge of the Probate Division, the Relator was adjudged incompetent. The court appointed a guardian of her person and estate. In February, 1982, a Petition for Restoration was heard and denied.

On September 2, 1983, again before the same judge, an "Application for Substitution of Guardian" was heard and denied. On September 9, 1983, a Motion for Rehearing (apparently of that application) and a Motion for Change of Judge were filed. That motion merely stated, "Come now Alice Oliver and Charlotte Vogel, and request a change of Judge herein, for the reason that they feel that the present Judge is too close to the family relationship." The motion was filed on behalf of Alice Oliver by her guardian ad litem. There is no explanation of the capacity in which Charlotte Vogel was named in or signed the motion.

On November 8, 1983, the Motion for Rehearing was denied but the Motion for Change of Judge was sustained. The docket reflects, "case certified to Presiding Judge for assignment of new judge." A docket entry of November 15, 1983, recites that an order, apparently made by the presiding judge of the 27th Judicial Circuit, was filed "assigning David E. Bailey Associate Circuit Judge." Judge Bailey was Associate Circuit Judge of Henry County.

A docket entry of December 5, 1983, recites the guardian filed a Motion for Change of Judge. That motion is not in the record. Nothing before this court reflects its style, allegations or relief sought. Nor is there anything in the record to indicate when or by whom that motion was heard. An uncontradicted statement in the Relator's brief says that after the filing of this motion, "[t]he case was assigned" to the Respondent. On March 7, 1984, a hearing on the previously filed Petition for Res-

toration or Modification was held before the Respondent. That petition was denied.

On December 26, 1984, the Relator filed the pending Petition for Restoration or Modification. Contemporaneously she filed the Request for Change of Judge under Rule 51.05 which is the basis for this proceeding. As stated, the Respondent denied that request because the Relator had been previously granted a change of judge.

The briefs of the parties assume the issue is governed by Rule 51.05. Citations and arguments center upon the meaning of the term "civil action" as used in that rule. The cases so cited include *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323 (1952); *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168 (Mo.App.1978); *State ex rel. Brault v. Kyser*, 562 S.W.2d 172 (Mo.App.1978); *In re Boeving's Estate*, 388 S.W.2d 40 (Mo.App. 1965).

Perhaps that assumption stems from *State ex rel. Campbell v. Kohn*, 606 S.W.2d 399 (Mo.App.1980). In that case, the disqualified judge of the Probate Division of the Circuit Court of St. Louis County transferred certain proceedings to another circuit judge of that circuit, one of the alternatives permitted by Rule 51.-05(e)(2). However, recognition of that procedure in that case does not establish that the procedure for a change of judge prescribed by Rule 51.05 is applicable to proceedings in the matter of Alice Oliver, Incompetent, in the Probate Division of the Circuit Court of St. Clair County.

Section 472.060, RSMo (Supp.1984) provides:

No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been personal representative, conservator or guardian, when any party in interest objects in writing, verified by affidavit; and when the objections are made, the cause shall

be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine same; and the clerk of the circuit court or division clerk shall deliver to the probate division of the circuit court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in the office pertaining to such case.

In St. Louis County the Judge of the Probate Division is a circuit judge. Mo.Const. Art. V, § 27.4(a) (amended 1976). Under the direction of § 472.060, that the cause be transferred "in accordance with the rules of civil procedure relating to change of judge" it was appropriate to follow the procedure under Rule 51.05(e)(2).

However,

> [u]ntil otherwise provided by law, *associate circuit judges shall hear all cases or matters as now provided by law for probate courts within* the county, except that in the city of St. Louis, in all first class counties, and all second class counties with a population of over sixty-five thousand, the circuit judge of the probate division of the circuit court shall hear all cases and matters as now provided by law for probate courts within such circuits or counties. (emphasis added)

Mo.Const. Art. V, § 27.3 (amended 1976). In St. Clair County, a circuit judge was not judge of the probate division. It was an associate circuit judge. As will hereafter be more fully developed, the rules of civil procedure are not applicable to the practice and procedure before associate circuit judges in cases "within the probate jurisdiction." § 517.010.1, RSMo (Supp.1984). Further, the language of Rule 51.05(e) does not lend itself to application to proceedings before associate circuit judges acting as judge of the probate division. Construing § 472.060 and § 517.520 together, it is reasonable to conclude that in such counties, upon disqualification in the manner prescribed by § 472.060, a judge shall be assigned in the manner prescribed by § 517.-

520. That procedure was apparently followed in this case.

■ It also follows that Rule 51.05 is not applicable to the manner of disqualification of the Judge of the Probate Division of the Circuit Court of St. Clair County. Section 517.020.1, RSMo (Supp.1984) does provide that in respect to certain "subject matters in civil actions", including disqualification of judges, "[s]tatutes and supreme court rules now or hereafter in effect with respect" to civil actions heard by circuit judges shall also apply "to the maximum extent practicable" to the cases to which Chapter 517 is applicable, "except where provided otherwise in this chapter or in other statutes or supreme court rules which became effective after January 1, 1978." As noted, § 517.010.1 provides the provisions of Chapter 517 are not applicable to practice and procedure before associate circuit judges in cases within the probate jurisdiction. Also, Rule 41.01(c) prescribes that certain rules, not including Rule 51, apply to proceedings in the probate division of the circuit court. Rule 41.01(e) further provides: "The judge of the probate division of the circuit court may order that any or all of Rules 41 through 101 shall be applicable in a particular matter." Section 506.010 declares the Civil Code of Missouri shall not apply to practice and procedure in a probate division except to the extent that such provisions are otherwise specifically made applicable. A reasonable construction of these statutes and rules is that Rule 51 applies to proceedings in the probate division of the circuit court only as ordered in a particular matter. This is compatible with § 472.141.2 dealing with "adversary probate proceedings." It seems appropriate to observe that if Rule 51.05 is declared to be applicable to a proceeding in the Probate Division of the Circuit Court, St. Clair County, that such declaration should expressly omit Rule 51.05(e).

■ As noted, § 472.060 is by its terms applicable to the disqualification of a judge of probate "in a case." This section is applicable to guardianships. § 475.020.

Under § 472.060, before and after its amendment in 1978, (Laws of Mo.1978; p. 833), it has been consistently held that the "case" to be transferred is dependent upon the scope of the matter which is alleged as the subject of the affidavit. *State ex rel. Morris v. Montgomery,* 160 Mo.App. 724, 142 S.W. 474 (1912); *State ex rel. Latimer v. Gray,* 100 Mo.App. 98, 72 S.W. 1081 (1903). "Under the affidavit disqualifying the probate judge in the action to remove the administrators, the probate court was without authority to transfer the application of relatrix for letters of administration to the circuit court." *State ex rel. Smith v. Hull,* 348 Mo. 48, 152 S.W.2d 106, 107 (1941). In the most recent case construing that statute, it was said, "We understand this to mean that disqualification may be as to one matter or the entire proceeding, depending upon the intent of movant as indicated in the motion." *State ex rel. Campbell v. Kohn,* supra, at 402. The permissible scope of disqualification is, however, subject to the limitation that the subject matter of the judicial inquiry, the case or the cause in a probate proceeding, may not be made subject to piecemeal treatment. *State ex rel. Latimer v. Gray, supra.* Cases defining what is considered a separate "civil action" under Rule 51.05 could provide some guidance in determining what may properly constitute the subject matter of an affidavit under § 472.060. See *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330 (Mo.App.1983); *Crain v. Missouri Pacific R.R.,* 640 S.W.2d 533 (Mo.App.1982).

Section 472.060 has received but little judicial construction. If the record was complete, this case could require the answers to numerous questions arising from the application of § 472.060. The section has been held to provide for a peremptory disqualification. *State ex rel. Morris v. Montgomery,* supra. For example, that section does not expressly limit a party to a "case" to one peremptory disqualification. This case could call for a determination if such a limitation on a peremptory challenge for bias or prejudice exists by implication. It could require a determination whether a party has a right to such a peremptory disqualification in regard to each proceeding that may be the subject of such an affidavit. It could necessitate a determination whether each petition for restoration is such a separate proceeding. Cf. *Wood v. Wood,* 378 S.W.2d 237 (Mo.App.1964). It could also require the resolution of when such a right must be exercised and what constitutes a waiver of such a right. See *Ex Parte Cox,* 10 Mo. 742 (1847); *State v. Woollen,* 643 S.W.2d 270 (Mo.App.1982); *Jenkins v. Andrews,* 526 S.W.2d 369 (Mo. App.1975). However, this case does not present a record under which such determinations can properly be made.

As noted, the Motion for Disqualification of Judge Huesemann merely requested "a change of Judge herein." The record does not include the order that interpreted that motion. Nor does it include an order specifying the scope of the case to which Associate Circuit Judge Bailey was assigned. Nor does the record include the motion or affidavit or order for disqualification of Judge Bailey or the order of the assignment of Judge Bradley.

■ Under the authority cited, "[i]f the motion for disqualification is directed to one particular matter then before the court, disqualification would only apply with respect to that case and the proceedings generally would remain in the probate court." *State ex rel. Campbell v. Kohn, supra,* at 402. Also see *In re Estate of Erwin,* 611 S.W.2d 564 (Mo.App.1981). For this reason, even assuming the motions and the assignments by the presiding judge to have been effective, because the record is incomplete, it cannot be determined which judge could properly act in reference to the pending request and petition. The record does not establish that Judge Bradley is a proper party to this proceeding. The relief sought cannot be granted.

It has been alleged that each associate circuit judge that has been connected with the estate is prejudiced. It may be that each of those judges, within the provisions of Rule 2, Canon 3 C, might recuse from

the entire proceeding and request the assignment of a different judge to the entire proceeding under § 517.520. This would expedite a hearing on the pending petition. For the reasons stated, the preliminary order is quashed. The petition is dismissed without prejudice to a proper petition and development of a complete record, if that be necessary.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.