**STATE of Missouri, ex rel. Walter A. STEPHENS and Jeannie Mae Stephens, Relators,**

v.

**The Honorable Donald E. LAMB, Associate Circuit Judge, Reynolds County, Missouri, Respondent.**

No. 19551.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 8, 1994.

Frank K. Carlson, Kurt L. Hellmann, Carlson & Hellmann, Union, for relators.

David L. Steelman, Bryan D. Scheiderer, Steelman & Gaunt, Rolla, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

PREWITT, Judge.

█ The issue is whether relators may have more than one disqualification of judge under § 472.060, RSMo1986. They earlier received such a disqualification and after respondent was assigned to hear the matter, sought to disqualify him under that section. Respondent refused to disqualify and upon relator's petition, we issued a preliminary order in prohibition. Prohibition lies if, upon proper application, the judge fails to disqualify. *State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986).

█ Section 472.060, RSMo1986, applies to the disqualification of a judge of the probate division of a circuit court unless the judge orders the application of Rule 51.05. *Whalen, Murphy, Reid v. Estate of Roberts,* 711 S.W.2d 587, 591 (Mo.App.1986); Rule 41.01. No order apparently was made here. Section 472.060, RSMo1986, states:

"472.060. Disqualification of judge

No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been personal representative, conservator, or guardian, when any party in interest objects in writing, verified by affidavit; and when the objections are made, the cause shall be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine same; and the clerk of the circuit court or division clerk shall deliver to the probate division of the circuit court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in the office pertaining to such cause."

Although the question presented does not appear to have been previously decided, the problem has been mentioned in an earlier opinion. *See State ex rel. Oliver v. Bradley,*

699 S.W.2d 114, 118 (Mo.App.1985). It has been ruled that this "automatic disqualification" may be waived by delay in filing a motion. *State ex rel. Nassau v. Kohn,* 731 S.W.2d 840, 842 (Mo. banc 1987).

■ Section 472.060 was amended effective January 2, 1979 and again in 1983. Since 1979 it provides that upon the disqualification "the cause shall be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge". Previously it provided that upon the disqualification "the cause shall be certified to the circuit court, which shall hear and determine same". § 472.060, RSMo1969.

■ Under the previous statute, upon the filing of a proper affidavit of disqualification, the probate judge was required to certify the matter to the circuit court and had no authority to hear evidence or make a factual determination on the alleged ground for disqualification. *State ex rel. Musser v. Dahms,* 458 S.W.2d 865, 868 (Mo.App.1970). *Kohn* indicates that if a pleading under the present § 472.060 is in proper form and not waived by delay, the disqualification is "automatic", 731 S.W.2d at 842, which we interpret as meaning without hearing evidence or having discretion in ruling on such a request.

Under prior § 472.060, there could only be one disqualification by one party on one issue as the disputed question was effectively transferred to another court. However, that did not prevent there being a disqualification filed under circuit court procedure as to the circuit judge. *In re Boeving's Estate,* 388 S.W.2d 40, 50 (Mo.App.1965).

When § 472.060 was changed due to the merging of the circuit and probate courts, the change only pertained to the manner of the selection of the new judge. Previously it was obvious that § 472.060 could only be applied once as thereafter the matter would be in a different court. We cannot believe that the legislature intended to expand § 472.060 by that amendment so that there is now an unlimited number of disqualifications available. To have such could create havoc in the probate division of the circuit court in some matters, resulting in numerous but temporary assignments of judicial personnel were a party inclined to file numerous affidavits of disqualification.

Missouri has sought a middle ground or balance on disqualification believing that such a disqualification should not be "too easy" or "too hard". *State v. Hornbuckle,* 746 S.W.2d 580, 584–585 (Mo.App.1988). If disqualification becomes too easy the cost and delay of justice "go out of bounds." *Id.,* at 584.

■ In construing statutes this court must presume that the legislature intends a reasonable, logical result. *State ex rel. Scott v. Goeke,* 864 S.W.2d 411, 414 (Mo.App.1993); *Kansas City Star Co. v. Fulson,* 859 S.W.2d 934, 938–939 (Mo.App.1993). Allowing one and only one disqualification to a side, the same procedure authorized by Rule 51.05(d), is reasonable, logical and consistent with both the present section of § 472.060 and its history.

The trial court properly refused to allow relators a second disqualification under this statute. The preliminary order is quashed.

GARRISON, P.J., and PARRISH, J., concur.