### In re the ESTATE of Lula DeGRAFF, Deceased.

### No. 28574.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

**344**

Morris B. Kessler, St. Louis, for appellant.

Edgar M. Eagan, Jefferson City, Executor, for the Estate.

Granville E. Collins, Fulton, Atty., for William B. Boyd.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

## PER CURIAM.

The devisees under the Last Will and Testament of Lula DeGraff, deceased, have appealed from an order of the Circuit Court of Callaway County, Missouri, denying their motion to remove Edgar M. Eagan, executor of said estate, and in remanding the "cause" to the Probate Court of Callaway County for further proceedings.

Letters testamentary were issued to Edgar M. Eagan by the Probate Court of Callaway County. While the estate was in the course of being probated differences arose between the executor and the devisees (hereinafter appellants) which culminated in the filing of a motion to remove the executor. In connection with the motion, and prior to its being heard and ruled on, the devisees filed objections in writing, verified by affidavit, asserting that Patrick Horner, Probate Judge of Callaway County, was "biased and prejudiced" against the devisees in said matter. In a circuitous and bizarre manner which virtually defies credulity, the motion to remove the executor was ultimately heard and adjudicated by the Circuit Court of Callaway County as though properly certified there pursuant to Section 472.060, RSMo 1969.[1]

Parenthetically, failure of opposing counsel to objectively view certain differences that arose and to turn to prevailing law and applicable rules for their pursuit and solution has unduly clouded this case at all levels. As a consequence, specious and nonexistent issues have been injected, genuine issues have been obfuscated, and noncompliance with applicable rules of appellate procedure has occurred in certain instances.

■ This court was sorely tempted to dismiss this appeal sua sponte because appellants' brief fails to comply with Rule 84.04. Instances of noncompliance are so numerous as to rule out inadvertency as a cause and to suggest total unfamiliarity with Rule 84.04. For example, subsection (b) of Rule 84.04 governing jurisdictional statements in appellant briefs provides, in part, as follows: "(b) *Jurisdictional Statement.* Bare recitals that jurisdiction is invoked 'on the ground that the construction of the Constitution of the United States or of this state is involved' or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon

---

1. "472.060 *Disqualification of judge*

No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been executor, administrator or guardian, when any party in interest objects in writing, verified by affidavit; and when the objections are made, the cause shall be certified to the circuit court, which shall hear and determine same; and the clerk of the circuit court shall deliver to the probate court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in said office pertaining to said cause."

jurisdiction is sought to be predicated . ." The jurisdictional statement in appellants' brief reads as follows: *"JURISDICTION-AL STATEMENT* This appeal is within the general appellate jurisdiction of the Missouri Court of Appeals, Article V, Section 3, Constitution of Missouri, as amended 1970, and this matter is within the jurisdictional territory of the Kansas City Court of Appeals by virtue of Section 477.070 Revised Statutes of Missouri, 1969." Measured by subsection (b) of Rule 84.04, supra, appellants' jurisdictional statement is indisputably insufficient from every point of view. It fatally omits advising this court as to the type of civil action involved or the nature of the "judgment" from which the appeal is taken. In short, it fails to "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon jurisdiction is sought to be predicated."

■ By way of further example, subsection (c) of Rule 84.04 governing statements of fact in appellant briefs provides, in part, that the "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." The statement of facts in appellants' brief offends the requirements of subsection (c) of Rule 84.04 in several respects. Instead of constituting "a fair and concise statement of the facts", it gives a distorted and unbalanced view of the evidence presented below by excluding relevant facts favorable to the opposing party. Statements of fact which favorably slant the evidence by similar processes of exclusion have been held not to comply with subsection (c) of Rule 84.04, supra. *State ex rel. State Highway Comm. v. Nickerson,* 539 S.W.2d 771, 773 (Mo.App. 1976); *Cady v. Kansas City Southern Railway Co.,* 512 S.W.2d 882, 885 (Mo.App. 1974); *Doehler v. Village of Cool Valley,* 498 S.W.2d 621, 622 (Mo.App.1973); and *Geiler v. Boyer,* 483 S.W.2d 773, 774 (Mo. App.1972). Moreover, statements of a purely argumentative nature are interspersed throughout appellants' statement of facts. Doing so impairs the purpose which the statement of facts is designed to serve and is expressly forbidden by subsection (c) of Rule 84.04, supra.

■ Finally, subsection (d) of Rule 84.04 governing "Points Relied On" in appellant briefs requires that they "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . .", and cautions that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." Five points are relied on by appellants in their brief. Three of the five points fail to comply with subsection (d) of Rule 84.04, supra, in that they either fail to state "wherein and why" certain actions or rulings of the trial court are claimed to be erroneous or they constitute "abstract statements of law" devoid of any showing of any relationship to any particular "action or ruling" of the trial court.

■ Numerous appellate opinions have meticulously pointed out the reasons for Rule 84.04, objectively advocated the necessity for compliance, and soberly pointed out the consequences of noncompliance. Nevertheless, the message heralded by such appellate opinions continues to fall on deaf ears in certain quarters, and the disposition of cases on appeal is frequently impeded by those who refuse to acquaint themselves and comply with Rule 84.04. The reason this court has stopped short of dismissing the instant appeal out of hand for multiple infractions of Rule 84.04, supra, lies in the fact that two of the five points relied on by appellants may be expeditiously disposed of, in spite of the infirm jurisdictional statement and statement of facts, without working an injustice on opposing counsel or unduly burdening this court.

The two points deemed to be in compliance with subsection (d) of Rule 84.04, supra, although far from being exemplars, appropriately lend themselves to being partially paraphrased and restated as three separate points: (1) the trial court erred "in not acting to exclude" certain "bills" of

William B. Boyd and Granville E. Collins, because they were never filed as "claims" against decedent's estate; (2) the trial court erred "by including Boyd and Collins as parties" during the trial because no "claims" were ever filed by them against decedent's estate; and (3) the trial court erred in remanding the "cause" to the Probate Court of Callaway County for "further proceedings" because certification of the motion to remove the executor to the Circuit Court of Callaway County divested the Probate Court of Callaway County of any further jurisdiction over the continuing administration of decedent's estate.

■ It is necessary to set forth certain background facts in order to place the first of the restated points in proper perspective. Prior to decedent's death she was adjudicated incompetent and William B. Boyd was appointed guardian of her person and estate. Granville E. Collins served as attorney for Boyd in administering the guardianship estate. Although final settlement of the guardianship estate was effected some time ago, no payment or compensation was ever received by Boyd and Collins for services rendered the guardianship estate. Nor have any claims for such services ever been filed against the estate of Lula DeGraff, deceased. At best, it appears that payment for such services by the executor was the subject of certain conversations between Boyd and Collins on the one hand and Edgar M. Eagan, executor of the estate of Lula DeGraff, deceased, on the other hand, and that "bills" or "statements for services" were prepared and submitted by Boyd and Collins to the executor. However, as previously noted, no claims have ever been filed by Boyd and Collins against decedent's estate, and the amounts claimed owing to them have never been approved or paid during the course of administering the estate of Lula DeGraff, deceased. It is axiomatic that the trial court cannot be charged with error for failing to "exclude" certain purported "bills" which were never filed or allowed as claims against decedent's estate. Appellants' efforts to do so under the circumstances necessarily fails for lack of a justiciable issue. If any "bills" or "statements for services" are subsequently filed as claims against decedent's estate, or otherwise asserted, and unlawfully or impermissibly allowed or approved by the Probate Court of Callaway County and paid by the executor out of the assets of decedent's estate, appropriate remedies for redress exist. However, presentment and resolution of such matters as a purely hypothetical basis is inappropriate.

■ The next restated point charges that the trial court erred "by including Boyd and Collins as parties" during the trial because no claims were ever filed by them. Absent being served with any pleadings, or seeking and obtaining an order permitting them to intervene, Boyd and Collins informally appeared at the hearing below and were permitted to offer evidence, cross-examine witnesses and otherwise participate as if they were parties. Appellants acquiesced in this unusual procedure at the trial level and at no time objected thereto. This being the case, appellants are precluded from charging that the trial court erred "by including Boyd and Collins as parties". Tersely put, no review of appeal lies for a legal proposition never presented to or expressly rule on by the trial court. *Ahlgren v. Colvin-Weber Realty & Invest. Co., Inc.*, 507 S.W.2d 686, 688 (Mo.App.1974).

■ Appellants contend by way of the final restated point that certification of the motion to remove the executor to the Circuit Court of Callaway County for hearing and determination permanently lodged decedent's estate in the Circuit Court of Callaway County in its entirety and vested the Circuit Court of Callaway County with exclusive jurisdiction over all remaining matters touching the administration of decedent's estate. The certification of matters appertaining to the administration of estates by probate courts to circuit courts pursuant to Section 472.060, supra, in the context posed by the facts of this case, has seldom been encountered at the appellate level. The jurisdictional consequences of certification under circumstances comparable to those presented in the instant case

does however appear to have been summed up in *State ex rel. Morris v. Montgomery,* 160 Mo.App. 724, 142 S.W. 474, 475 (1912): "The only thing certified may be upon one account alone, as was the case in *Keele v. Keele,* 118 Mo.App. 262, 94 S.W. 775, while the general administration of the estate remains with the probate court. In that event, the 'case' certified to the other [circuit] court for trial is the one question of the account, and the only thing tried in that court is the one account, while, at the same time, the case or cause, as applied to the entire matter, remains in the probate court." Section 472.060, supra, prompted the following observation by Maus, Almon H., in Missouri Practice, Vol. 3, Probate Law and Practice, Sec. 488, p. 441: "[T]he disqualification of the judge to sit in respect to one matter in the administration of an estate does not remove the entire administration of that estate to the circuit court. Only the matter which is the subject of the affidavit is removed." *Maus* cites *State ex rel. Morris v. Montgomery,* supra, as authority for the aforementioned statement. Appellants' motion to remove the executor was the only matter concerning decedent's estate immediately pending before the Probate Judge of Callaway County at the time of his disqualification. Hence, it was the only delineated matter subject to being certified to the Circuit Court of Callaway County. Viewed in proper context, the certification proceeding did not remove administration of decedent's estate for all purposes to the Circuit Court of Callaway County, and the latter court, after denying appellants' motion to remove the executor, did not err in remanding the "cause" to the Probate Court of Callaway County for the purpose of completing administration of the estate of decedent. *State ex rel. Morris v. Montgomery,* supra; and Maus, Missouri Practice, supra.

Judgment affirmed.

All concur.