STATE of Missouri ex rel. David L. CAMPBELL, Esq., Relator,

v.

Hon. Louis M. KOHN, Judge of the Probate Division, St. Louis County Circuit Court, Respondent.

STATE of Missouri ex rel. James G. HOSS, Relator,

v.

Hon. Louis M. KOHN, Judge of the Probate Division, St. Louis County Circuit Court, Respondent.

Nos. 41932, 42223.

Missouri Court of Appeals, Eastern District, En Banc.

Aug. 19, 1980.

Motion to Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied Nov. 12, 1980.

David L. Campbell, Thomas S. Hyatt, St. Louis, for relator.

Thomas Wehrle, County Counselor, George W. Lang, II, Associate County Counselor, Clayton, for respondent.

WEIER, Judge.

This is a consolidation of two original proceedings in mandamus to compel respondent–judge of the probate division of the circuit court of St. Louis County from exercising any further jurisdiction in three probate estates. Two were estates of deceased persons and one the estate of an incompetent. The issue to be decided is whether respondent–judge after having disqualified himself on relators' motions and having transferred matters then pending in the estates to other divisions where they were adjudicated can now resume jurisdiction over the unfinished estates. After hearing and submission to a regular division of this court, upon respondent's motion, the cases have been reheard and resubmitted to an enlarged panel. We arrive at the same conclusion as the original panel and order that our preliminary writs of mandamus be made permanent.

The facts in all three probate proceedings are not in dispute. In the Estate of John E. Bruemmer, deceased, after a claim was filed on behalf of the credit card division of First National Bank of Chicago, the executrix filed a motion to disqualify respondent-judge under § 472.060, RSMo 1978, in which it was alleged that the judge was disqualified to sit in the matter of the establishment of said demand, and "of any further proceedings with respect to the estate" because of bias and prejudice against the movant and her attorney. The court certified the claim to another division of the circuit court for adjudication but retained the file and started to pass upon the application for approval of final settlement and made an order with respect to allowance of attorney's fees. In the Estate of Paul E. Lea, deceased, after the filing of a claim against that estate, a statutory motion to disqualify the judge couched in the same language was filed and the probate judge proceeded to certify only the claim to another division of the circuit court for adjudication retaining the file to act upon the petition for approval of final settlement and allowance of attorney's fees. In the Estate of Doris Ann Powers, an incompetent, upon the filing of a motion under Rule 51.05 requesting a change of judge after an application for approval of attorney's fees was filed, the probate court certified this matter but retained jurisdiction as to all other matters.

Section 472.060, RSMo 1978, provides that no judge of probate shall sit in a case in

which he is biased or prejudiced against any interested party and when objections are made the cause shall be certified to the circuit court. This section requires the motion to be verified. Under Rule 51.05, a change of judge must be ordered in any civil action upon the filing of a written application by any party or by his agent or attorney. Under the rule the application need not allege or prove any cause for the change of judge and need not be verified. The respondent–judge contends that he retains jurisdiction over remaining proceedings in the three estates despite the earlier motions disqualifying him. Relators maintain that the respondent–judge has no jurisdiction to consider the remaining or pending matters in each of the estates and has petitioned us to make the preliminary writs of mandamus permanent.

■ It should be noted that the right to disqualify a judge is not challenged. This is one of the keystones of our legal administrative edifice. As we stated in *State ex rel. McNary v. Jones*, 472 S.W.2d 637, 639-640 (Mo.App.1971): "[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced ... [T]hat is the price to be paid for a judicial system that seeks to free a litigant from a feeling of oppression." Under either the statute or the rule authorizing a party to disqualify the judge, we have adhered to a rule of liberal construction in favor of the right to disqualify. *In the Matter of the Estate of Boeving*, 388 S.W.2d 40, 50[9] (Mo.App. 1965); *State ex rel. Sharp v. Knight*, 224 Mo.App. 761, 26 S.W.2d 1011, 1014[3] (1930).

The principal reliance of respondent-judge has been placed in the case of *In re the Estate of DeGraff*, 560 S.W.2d 342 (Mo. App.1977). In this case the devisees under the will of the deceased sought to remove the executor of the estate. Prior to a hearing on this motion, they moved to disqualify the probate judge alleging that he "was 'biased and prejudiced' against the devisees *in said matter.*" At p. 344. (Emphasis added.) Because of this limitation in the

motion, the court did not squarely rule on the issue before us. The devisees only sought disqualification as to the removal of the executor. Under these circumstances the court held the matter certified may be the one motion, claim or exception before the probate court and not the administration of the entire estate. *DeGraff* in turn relied upon the case of *State ex rel. Morris v. Montgomery*, 160 Mo.App. 724, 142 S.W. 474 (1912) wherein the probate court had before it an application to declare a person to be of unsound mind and to appoint a guardian for her. The application had been filed by the son–in–law of the person who was subject of the inquiry but the motion was filed by the brothers of the alleged incompetent to disqualify the probate judge. In considering the question of disqualification, the court considered the purpose of the section that is now 472.060, *supra*. Because of the bearing that it has upon the question before us, we quote:

"The evident purpose of the statute is to prevent a probate judge from passing upon questions in which he is interested. That is, matters in which the judgment to be rendered might affect him in some way, either directly or indirectly. This purpose can only be subserved by disqualifying him to pass upon any matter pending in his court when the result of his action might be of personal interest to him. It will be noticed that the statute covers a number of things, and the term 'case,' or 'cause,' is used to describe each of them. Thus he cannot sit in a case in which he is interested, or in which he has been counsel or a material witness, or related to either party, etc. In either of these cases, upon a proper affidavit being made, he shall certify the cause to the county or circuit court, 'which court shall hear and determine the cause.' The only thing certified may be upon one account alone, as was the case in *Keele v. Keele*, 118 Mo.App. 62, 94 S.W. 775, while the general administration of the estate remains with the probate court. In that event, the 'case' certified to the other court for trial is the one question of the account, and the only thing tried in that court is the one account, while, at the

same time, the case or cause, as applied to the entire matter, remains in the probate court. *The term 'case,' or 'cause,' may have a broad or restricted meaning according to the connection in which it is used, and our conclusion is that, as used in the statute above referred to it means any matter pending before the probate judge which is the subject of judicial investigation; and hence the entire matter of the inquiry as to the sanity of Emma Hawkins, and if found insane, the appointment of a guardian for her, is contemplated in this statute,* and the probate judge may be disqualified to hear a complaint of this kind the same as in any other matter pending before him." (Emphasis added.)

We understand this to mean that disqualification may be as to one matter or the entire proceeding, depending upon the intent of movant as indicated in the motion.

Another case in which the court considered at least part of the problem with which we are confronted was that of *State ex rel. Latimer v. Gray*, 100 Mo.App. 98, 72 S.W. 1081 (1903). There the probate judge had before him a motion to disqualify concerning exceptions taken with respect to certain items in a settlement. The reason assigned to support the disqualification of the judge was alleged to be that the judge had been of counsel in some of the matters involved in the exceptions. The judge denied the motion and heard the exceptions. After deciding that the judge could not pass upon the merits of the affidavit, the court then addressed the question as to the extent of the disqualification and what should be transmitted to the circuit court. The court commented: "It would introduce confusion into administration affairs if each item in a list of specified exceptions to a settlement was regarded as a separate proceeding to be certified to the circuit court on objection, or retained by the probate court, according to circumstances. The exceptions as a whole constitute a step in the process of administration, and should all be settled on one

hearing and by the same tribunal." *Id.* 1083. Thus although the charge was made that the judge was of counsel in only some of the excepted matters, he was required to certify all of the exceptions to the circuit court.

▮ It is the nature of probate administration that many matters arise while an estate is pending that present issues for court determination. Of appealable orders set out in § 472.160.1, RSMo 1978, fifteen are listed to be appealable and the fifteenth is a "catchall" to cover all other cases where the order is final under the probate code. Here the motion to disqualify clearly states that the disqualification is made as to any further proceedings with respect to the estate. There can be no disagreement as to its meaning. The disqualification sought therefore applies to all of the matters in the estate that are then pending or that become pending in the future. If the motion for disqualification is directed to one particular matter then before the court, disqualification would only apply with respect to that case and the proceedings generally would remain in the probate court. If we were to arrive at a different conclusion, in order to disqualify the judge from considering further matters in an estate, a separate motion to disqualify would be required each time a matter came up for court action or decision during administration. This would cause a multiplicity of disqualification motions and would result in increased inconvenience to litigants, impose a heavy burden upon the court file, and increase materially the costs of administration. We reject the respondent's contention that all motions to disqualify should be limited only to the matter then pending before the probate court for hearing and decision.[1]

▮ Respondent has also raised as a point of error that mandamus is not the proper remedy in these consolidated causes because they have an adequate remedy by appeal from the orders made. This issue was previously decided in *State ex rel. Jakobe v. Billings*, 421 S.W.2d 16[6] (Mo. banc

1. We do not reach the issue whether a claimant, devisee, legatee or other person having a justiciable issue before the probate court can disqualify a judge from hearing and determin-

ing all further matters in the administration of an estate. If the claimant or other litigant is pressing a matter relatively small when considering the size of the estate, it would seem

1967). In that case it was held that where the court erred in failing to grant a change of judge, prohibition would lie to prevent the judge from taking any further action in the case. The court denied that relator had an adequate remedy by appeal declaring "we could not reasonably deny relator relief, require her to try the case, and, if unsuccessful, appeal in order to obtain the relief she is now entitled to." Respondent's appeal contention is rejected.

The preliminary writs of mandamus heretofore issued are made permanent.

KELLY, C. J., and SMITH, REINHARD, SNYDER, SATZ and SIMON, JJ., concur.

that this person would have standing only to disqualify the judge as to that particular matter. On the other hand, if the claim is so large or the litigated matter brought by the devisee, legatee or other person is of such a nature that a major portion of the estate would be affected, then it might well be the party or parties involved are in a position to disqualify the judge as to all matters in the estate because of the effect future rulings of the court as to other claims, fees or litigated matters might have upon recovery in movant's litigation. A related problem was presented in *State ex rel. Morris v. Montgomery, supra*, 160 Mo.App. 724, 142 S.W. 474, where the son-in-law had filed the affidavit of incompetency and two brothers of the alleged incompetent sought to disqualify the judge. After deciding such a motion to disqualify would lie as to the entire proceeding including the appointment of a guardian, the court then decided the motion did not disclose the brothers had any financial interest to be affected by the judgment and hence the probate court was justified in overruling it. Here the disqualification was sought by the personal representative, each of whom have an interest in every matter involving the estate and so could properly disqualify the judge on all proceedings in the estate.