STATE ex rel. Fairy M. NASSAU, Co-Personal Representative of the Estate of Charles R. Nassau, Deceased, Relator,

v.

Honorable Louis M. KOHN, Judge, Circuit Court, St. Louis County, Respondent.

No. 68562.

Supreme Court of Missouri, En Banc.

June 16, 1987.

Rehearing Denied July 14, 1987.

1. These are commercial aircraft, even though they are not operated on daily scheduled flights.

David L. Campbell, St. Louis, for relator.

Louis M. Kohn, Judge, St. Louis County Circuit Court, Clayton, for respondent.

RENDLEN, Judge.

Relator, Fairy M. Nassau, co-personal representative of the Estate of Charles R. Nassau, filed a Motion to Disqualify Judge seeking disqualification of respondent, the Honorable Louis M. Kohn, in all proceedings relating to the matter of the Estate of Charles R. Nassau, No. 85,402, in the Probate Division of the Circuit Court of St. Louis County. Respondent ordered:

The court considers a motion by Fairy M. Nassau, a co-personal representative, filed July 28, 1986, to disqualify the judge of this division and to transfer to another judge all proceedings, and it appearing that movant under oath alleges that the judge of this division is biased and prejudiced against her and that there are pending before this division petitions captioned Petition for an Order Permitting Independent Administration filed June 23, 1986, Petition for Order of Partial Distribution filed June 23, 1986, and Petition for Family Allowance and Allowance of Exempt Property filed March 17, 1986, it is hereby ORDERED that the clerk of this division transfer all pending matters *except the Petition for Family Allowance and Allowance of Exempt Property for the reason that said matter has been partially presented to the court* and all further matters to the circuit clerk for reassignment and assignment to another judge of this circuit for hearing and determination.

(Emphasis added.) Relator unsuccessfully sought a writ of mandamus from the Court of Appeals, Eastern District, and subsequently filed her Petition for Writ of Mandamus with this Court requesting that we order respondent to extend his disqualification to the Petition for Family Allowance and Allowance of Exempt Property and to all subsequent proceedings to which relator is a party and that we assess attorney's fees and costs against respondent. We have jurisdiction over this original proceeding in mandamus. Mo. Const. art. V, § 4. Our alternative writ in mandamus previously entered is now made peremptory.

Relator submits that pursuant to § 472.-060, RSMo 1986, respondent was required to disqualify himself from and transfer to another judge of the Circuit Court of St. Louis County the Petition for Family Allowance and Allowance of Exempt Property. Section 472.060 provides:

No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been personal representative, conservator, or guardian, when any party in interest objects in writing, verified by affidavit; and *when the objections are made, the cause shall be transferred to another judge,* in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine same; and the clerk of the circuit court or division clerk shall

deliver to the probate division of the circuit court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in the office pertaining to such cause.

(Emphasis added.) Respondent maintains that as to the Petition for Family Allowance and Allowance of Exempt Property the motion to disqualify was not timely filed in that "respondent at the request of relator had commenced consideration of the matter, had exercised judicial discretion and had made material determinations of fact." Relator counters that the petition had not been heard nor taken under submission for decision.

Recently we reiterated that:

"[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced...." *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 639 (Mo.App.1971). For this reason, we have liberally construed disqualification provisions in favor of the right to disqualify. *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399 (Mo.App.1980).

*State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986).

■ Section 472.060 dictates that "when the objections are made, the cause shall be transferred to another judge" and thereby permits the automatic disqualification of a trial judge by "any party in interest" upon the filing of a verified affidavit alleging grounds for disqualification. Section 472.-060, unlike Rule 51.05,[1] does not explicitly provide a time limitation for the filing of a motion to disqualify. However, we agree with the general proposition, advanced by

respondent, that a party may in effect waive his right to disqualify under § 472.-060 through delay in filing the motion. Accordingly we hold that a party who unduly delays the filing of a motion to disqualify under § 472.060 waives his right to automatic disqualification under that statute. Such rule is necessary in order to prevent the unnecessary burden upon judicial administration caused by an unreasonable delay and to prevent a party from disqualifying a judge after first determining the judge's inclination on the merits. Note, *State Procedures for Disqualification of Judges for Bias and Prejudice,* 42 N.Y.U. L.Rev. 484, 505 (1967).

The difficult question is not whether a filing of a motion under § 472.060 must be made by an exact moment, but, rather, at what stage in the proceeding has there been sufficient undue delay in the motion's filing to render it untimely? Keeping in mind that "the right to disqualify a judge ... is one of the keystones of our legal administrative edifice" and that disqualification provisions are to be liberally construed in favor of the right to disqualify, *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980), we believe the motion is not untimely filed unless it is clear from the record that the "trial" or hearing of the matter has commenced or the cause ordered taken under submission by the court.

With respect to the Petition for Family Allowance and Allowance of Exempt Property, respondent maintains that relator's motion to disqualify was not timely filed in that "respondent at the request of relator had commenced consideration of the matter, had exercised judicial discretion and had made material determinations of fact." As support for this, respondent alleges as

---

1. Rule 51.05, which provides for one change of judge as a matter of right upon the filing of a written application, which application need not allege or prove any cause for such change of judge and need not be verified, does not apply to matters in a probate division of a circuit court unless so ordered by the judge of the probate division. *Whalen, Murphy, Reid, Danis,*

*Garvin & Tobben v. Estate of Roberts,* 711 S.W.2d 587, 591 (Mo.App.1986); Rule 41.01. Rule 51.05 expressly provides certain time limitations for the filing of an application for change of judge made pursuant to that rule. *See Reproductive Health Servs., Inc. v. Lee,* 660 S.W.2d 330, 337–47 (Mo.App.1983).

follows: Subsequent to the filing of relator's Petition for Family Allowance and Allowance of Exempt Property, he and relator's counsel (who also was a co-personal representative and who is not present counsel for relator before this Court) engaged in ex parte, in-chamber discussions concerning the petition. Respondent advised counsel the court would need an itemized statement from relator regarding her needs and nonprobate assets she received from decedent. Thereafter on April 15, 1986, counsel mailed to the court, with an accompanying letter, an Affidavit in Support of Petition for Family Allowance and Allowance of Exempt Property with attached exhibits. Respondent, by letter dated April 17, 1986, acknowledged receipt of the affidavit, noted the affidavit was unclear and suggested that counsel "come in again" to discuss the matter with the court. Counsel appeared and discussed the matter with the court in-chambers and ex parte. Respondent again advised counsel that the information offered in support of relator's petition was unclear and counsel stated he would attempt to clarify the information. Thereafter relator filed her Motion to Disqualify Judge. In addition to alleging these underlying facts, respondent stresses the informal nature of probate proceedings.

■ It is well settled that courts speak only through their records, *State ex rel. Phelps v. McQueen,* 296 S.W.2d 85, 90 (Mo. banc 1956), which records import absolute verity. *Brown v. General Motors Assem-*

*bly Div.,* 695 S.W.2d 501, 502 (Mo.App. 1985).[2] Therefore, our determination of whether respondent acted properly here depends not upon those facts he alleges to have occurred, but upon those facts borne out by the record.

Relator's Petition for Family Allowance and Allowance of Exempt Property bears a stamp "Placed on Motion Docket." It also carries a handwritten notation, evidently made on the back of the petition, indicating relator's counsel was advised of the court's need for an itemized statement of relator's needs and for a statement regarding nonprobate assets, which notation bears respondent's initials and the date March 17, 1986. Also before us is respondent's letter to counsel of April 17, 1986, which is file stamped and which letter's filing is noted in the court's minutes. Although respondent also submits to us counsel's letter of April 15, 1986, and the Affidavit in Support of Petition for Family Allowance and Allowance of Exempt Property with exhibits, these materials bear no indicia they have been made a part of the record nor are they reflected in the court's minutes. Most importantly, while the court's minutes reflect relator's Petition for Family Allowance and Allowance of Exempt Property was filed, the minutes reflect no further proceedings or orders regarding the petition except for the filing of respondent's letter to counsel of April 17, 1986.

■ Under the facts disclosed by the record we conclude relator's motion to disqualify was timely filed as to all matters including the Petition for Family Allowance and Allowance of Exempt Property. From

---

**2.** As relator observes, not only must a court speak through its records, but it too was respondent's duty to ensure the accuracy of the records of this proceeding. Circuit courts are courts of record and shall keep just and faithful records of their proceedings. Section 476.010, RSMo 1986. The probate division of the circuit court shall keep "[a] record of probate proceedings, which shall contain all orders, judgments and decrees of the court" and "[a] record of the minutes of the proceedings of the court." Section 472.280.1(9), (10), RSMo 1986. It is the special duty of every judge of a court of record "to require that the records and files be properly maintained and entries be made at the proper times as required by law or supreme court rule, and that the duties of the clerks be performed according to law and supreme court rule." Sec-

tion 483.140, RSMo 1986. Under § 483.082.1, RSMo 1986, it is the duty of the clerks of all courts, and too vicariously the duty of every judge of a court of record by virtue of § 483.-140, to:

> keep such records of the courts and in such a manner as may be directed by rule of the supreme court so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including ... transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters....

**844**

the record it appears that on this petition no hearing was ever held and no order ever entered, including no order of submission, and no final ruling ever made. There is respondent's letter requesting additional information and advising counsel that "[o]n the basis of the information now of record, it would be impossible to render a fair and reasonable judgment on the matter." It is also implicit in respondent's suggestion in the letter that counsel "come in again" that a prior meeting between respondent and counsel had occurred. However, neither the extent nor substance of that prior meeting or any subsequent meeting is apparent from the record. The letter does not intimate a determination on the merits of the petition and from respondent's request for further information it is clear that the matter had not been finally submitted to the court. It is not clear from the record that the "trial" or hearing on the Petition for Family Allowance and Allowance of Exempt Property had commenced or the matter ordered taken under submission by respondent prior to the relator's filing of her motion to disqualify, and therefore we must conclude the motion was timely filed. Upon the timely filing of a motion to disqualify under § 472.060, respondent had no further jurisdiction other than to transfer the matter, including the Petition for Family Allowance and Allowance of Exempt Property and all subsequent proceedings, to another judge.

■ Relator's request for assessment of attorney's fees and costs against respondent is denied. *State ex rel. Raack v. Kohn,* 720 S.W.2d at 944.

Respondent ordered to disqualify himself from and transfer to another judge relator's Petition for Family Allowance and Allowance of Exempt Property and all subsequent proceedings in the Estate of Charles R. Nassau to which relator is a party. The alternative writ of mandamus made peremptory.

All concur.