**STATE of Missouri ex rel. Peggy YORK, Relator,**

v.

**The Honorable Greg KAYS, Respondent.**

No. 20397.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 20, 1996.

Thomas J. O'Neil, O'Neil & Allen, Lebanon, for Relator.

Greg Kays, Lebanon, for Respondent.

PREWITT, Presiding Judge.

Relator, as "Guardian and Co–Conservator of the Estate of John David York, a minor," under § 472.060 RSMo 1994, filed a "Petition for Disqualification of Judge" seeking Respondent's disqualification. Respondent is an Associate Circuit Judge of the Circuit Court of Laclede County, where the estate of John David York is being administered. Respondent denied the Petition. Thereafter, Relator filed a petition with this Court seeking a writ of mandamus directing Respondent to disqualify. This Court issued a preliminary order.

Before denying the Petition, Respondent stated, "The Court finds that the application is properly filed in a timely manner and is properly filed under the statute, Section 472.060." The trial court's finding and determination were orally stated, as follows:

I think the timing of this is—the timing of this motion is what concerns the Court most. I will note that the docket reflects that—just—Excuse me for just a moment, sir. That on April 27th, this case was called, that Attorney O'Neil appeared on behalf of co-conservator York, and Attorney Wilhite appeared on behalf of co-conservator, Boatmen's Bank. Evidence was heard in support of a co-conservator, Boatmen's, petition to resign. At that time, the Court took the petition to resign under advisement. Based upon the evidence heard, the Court suspended the authority and power of Peggy York as co-conservator. That was on April 27th. On May 3rd, a few days afterwards, a motion to disqualify the judge was filed. And at that point the—the Court has not yet filed a motion to show cause, I don't believe, in this case. But had indicated to counsel that was a—probably my—probably the Court's next step. And I think—I have to balance those two principles, I think. The principle of making sure that I can effectively watch over and administer these estates appropriately from the—from the bench against the feeling that a litigant is not being treated fairly or somehow is being prejudiced by an action of the court. I think that is one reason why I'm—I am going to deny this motion to disqualify the court. I—As you've stated in your brief, there's not a lot of case law that—current case law on this—in this matter. And I would encourage you, if you disagree with—continue to disagree with the Court's decision to—to deny the application for disqualification, to take it to a higher court, because I'm interested to see what their position is. I've found no cases that discuss this scenario or situation as we have in this case. Based upon that, I will deny this motion to disqualify.

■ Respondent now contends that he properly denied Relator's petition "because Relator's petition was not properly or timely filed under Section 472.060 RSMo in that Relator's petition was not verified by affidavit alleging a sufficient factual basis and it was filed after hearing of the matter had commenced and taken under submission by the Court." Section 472.060 RSMo 1994 is set forth marginally.[1]

It is correct, as Respondent states, that delay in filing an application under § 472.060 may waive that right. *State ex rel. Nassau v. Kohn,* 731 S.W.2d 840, 842 (Mo. banc 1987). However, "the motion is not untimely filed unless it is clear from the record that the 'trial' or hearing of the matter has commenced or the cause ordered taken under submission of the court." *Id. See also Heller v. Aldi, Inc.,* 851 S.W.2d 82, 85 (Mo.App. 1993) (stating that Rule 51.05 allowing application for change of judge is not construed to subvert proceedings already begun by trial court.)

If a pleading under Section 472.060 "is in proper form and not waived by delay, the disqualification is 'automatic' ... meaning without hearing evidence or having discretion in ruling on such a request." *State ex rel. Stephens v. Lamb,* 883 S.W.2d 101, 103 (Mo. App.1994) (citation omitted).

There was, as noted by the trial court, a hearing on a petition of the co-conservator to resign, but no proceedings directly against Relator as a result of the hearing on the petition to resign. Apparently the trial court was contemplating on its own motion to take

1. **472.060. Disqualification of judge**
   No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been personal representative, conservator, or guardian, when any party in interest objects in writing, verified by affidavit; and

when the objections are made, the cause shall be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine same; and the clerk of the circuit court or division clerk shall deliver to the probate division of the circuit court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in the office pertaining to such cause.

action which might have affected Relator. It is not, however, apparent from the record, as required by *Kohn*, that a hearing directly affecting Relator had commenced.

■ Respondent's remaining two contentions go to the content and form of the petition for disqualification. Respondent contends that Relator's "Petition was not verified and that there was never an affidavit filed alleging grounds for the disqualification." The grounds for disqualification state that Respondent is "biased and prejudiced against the undersigned Peggy York...." Alleging bias and prejudice, in the language of the statute or rule, is sufficient. *See State ex rel. Darling v. Billings,* 435 S.W.2d 377, 379 (Mo. banc 1968). *See also State ex rel. Morris v. Montgomery,* 160 Mo.App. 724, 142 S.W. 474, 476 (1912).

■ Relator signed the Petition for Disqualification of Judge alleging bias and prejudice, and thereafter appears a recital from a notary public that Relator, being

> [F]irst duly sworn on her oath states that the facts and statements in the foregoing Petition for Disqualification of Judge are true and correct according to her best knowledge, information and belief.

> Subscribed and sworn to before me this 2nd day of May, 1995.

Although Relator did not sign again following that recital, the petition and affidavit were sufficient. "A signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer an oath that it was sworn to and subscribed before him, is a lawful affidavit." *Phoenix Air Conditioning Co., Inc. v. Al–Carol, Inc.,* 129 Ga.App. 386, 199 S.E.2d 556, 558 (1973). *See also* 2A C.J.S. *Affidavits,* § 28, p. 460 (1972).

Quoting from *Miller v. Caraker,* 9 Ga.App. 255, 71 S.E. 9, 10 (1911), the *Phoenix* court states:

> Under the practice in the British courts, great strictness was formerly required as to the forms of affidavits, and any depar-

ture from the prescribed form would vitiate the affidavit. But none of the American courts, so far as our investigation goes, has ever given any great weight to mere form in these matters, and it is well recognized in this state [Georgia] that no particular form is required, provided the facts sworn to are committed to writing and signed by the affiant, if, as a matter of fact, the oath was administered. *Id.*

We believe that statement reflects Missouri's attitude also. *See State v. Creighton,* 330 Mo. 1176, 52 S.W.2d 556, 560–61 (1932). *See also State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986); *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980) (noting that disqualification provisions are liberally construed in favor of right to disqualify).

Having concluded that Respondent should have disqualified, the preliminary order is made permanent and Respondent directed to take no further action in this matter other than to sustain the petition for disqualification.

CROW and PARRISH, JJ., concur.