**STATE of Missouri ex rel. Sherry LADLEE, Relator,**

v.

**The Honorable Carol AIKEN and the Honorable Calvin Holden, Respondents.**

**No. 24107.**

Missouri Court of Appeals, Southern District, Division One.

June 12, 2001.

Robert M. Sweere, Springfield, for Relator.

Kimberly J. Lowry, Springfield, for Respondents.

*PRELIMINARY ORDER IN MANDAMUS AND PROHIBITION MADE ABSOLUTE*

MONTGOMERY, Judge.

This is an original proceeding in prohibition and mandamus. Relator is the biological mother of three minor children who are the subjects of a guardianship proceeding now pending before Respondent, The Honorable Carol Aiken, Probate Commissioner of the Circuit Court of Greene County. The other Respondent is The Honorable Calvin Holden, Judge of the Probate Division of the Circuit Court of Greene County.

This proceeding arises from Respondent Holden's denial of Relator's motion to disqualify Respondent Aiken under the provisions of § 472.060.[1] In pertinent part, that section provides:

1. Statutory references are to RSMo 2000, unless otherwise indicated.

No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party ... when any party in interest objects in writing, verified by affidavit; and when the objections are made, the cause shall be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine same[.]

After the denial of her motion to disqualify, Relator commenced this action. We issued a preliminary order to Respondent Holden ordering him to show cause why a final order in mandamus should not issue commanding him to sustain Relator's motion. We issued a preliminary order to Respondent Aiken commanding her to answer Relator's petition and prohibited her from taking further action in the guardianship proceeding until further order of this Court.

Both Respondents answered Relator's petition for the writ. All parties have filed briefs. The record before us consists of the items enumerated in Rule 84.24(g).

In chronological order, the admitted facts appear as follows:

Dec. 7, 1995 Petition for Appointment of Guardian of Relator's minor children filed by Relator's sister

April 6, 1999 After a contested hearing, Respondent Aiken entered an order directing that letters of guardianship be issued to Relator's sister. Respondent Holden confirmed the order on the same date.

Sept. 9, 1999 Relator filed a Motion for Unsupervised Visitation with her minor children

May 23 & June 7, 2000 A contested hearing was held on said motion before Respondent Aiken and "said Motion was submitted to her for disposition."

June 23, 2000 Respondent Aiken entered an order in response to the Motion for Unsupervised Visitation which ordered Relator to "have at least four (4) therapeutic visits" within six (6) weeks of June 7, 2000, in the office of Dr. Anne Beatty and that thereafter Dr. Beatty must issue a written report to the Court. The order stated "that until said therapeutic visits have been completed and the Court makes further orders, visitation shall be supervised."

August 31, 2000 Relator's counsel sent a letter to Respondent Aiken which in essence requested a ruling on the pending motion.

Nov. 8, 2000 Relator's counsel sent a second letter to Respondent Aiken similar to the previous letter. Subsequent to this date Relator's counsel met with Respondent Aiken in her chambers and inquired about orders pertaining to the pending motion.

Dec. 20, 2000 Relator filed a Petition to Terminate Guardianship and a Motion in Limine in respect to the petition to terminate.

Dec. 21, 2000 Respondent Aiken *sua sponte* advised Relator's counsel that a $1,000 deposit for guardian ad litem fees would be required before a hearing on the Petition to Terminate Guardianship. Later, Relator orally requested a hearing on this matter.

Dec. 29, 2000 Relator filed a motion to disqualify Respondent Aiken and a Motion to Terminate Guardian ad Litem

After receiving Relator's motion to disqualify her, Respondent Aiken transferred said motion to Respondent Holden for disposition. On February 6, 2001, Respon-

dent Holden denied said motion as "untimely."

No hearing has been commenced on Relator's Petition to Terminate Guardianship, Motion in Limine, Motion to Terminate Guardian ad Litem, and Relator's oral request for a hearing on a guardian ad litem fee deposit. Aside from these motions, the only pending matter is Relator's Motion for Unsupervised Visitation.

Relator's point relied on does not allege that Respondent Aiken should be disqualified from deciding the pending visitation motion. Instead, Relator argues that once the motion to disqualify was filed, "Respondent Holden under settled law was compelled to grant it as to all matters excepting for the arguably submitted [visitation motion]...."

In deciding this issue, we are mindful that the right to disqualify a judge is "one of the keystones of our legal administrative edifice." *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980).

> "[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced...." *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 639 (Mo.App.1971). For this reason, we have liberally construed disqualification provisions in favor of the right to disqualify. *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399 (Mo.App.1980).

*State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo. banc 1986).

■ Relator relies on *State ex rel. Nassau v. Kohn,* 731 S.W.2d 840 (Mo. banc 1987), which involved a determination on the timeliness of a motion to disqualify a judge under § 472.060. There, the Supreme Court held that delay in filing a motion to disqualify under § 472.060 may waive the right to automatic disqualification under that statute. *Id.* at 842. However, the Court explained that "the motion is not untimely filed unless it is clear from the record that the 'trial' or hearing of the matter has commenced or the cause ordered taken under submission by the court." *Id.*

The record in this case is clear that no hearing has commenced on any of Relator's motions filed in December 2000. Relator only seeks to disqualify Respondent Aiken from hearing these motions and future proceedings. As a result, we find that the motion to disqualify was timely filed according to the rule announced in Nassau.

■ "A judge is without jurisdiction and a writ of prohibition lies if, upon proper application for disqualification, a judge fails to disqualify himself." *Raack,* 720 S.W.2d at 943. Accordingly, Respondent Holden is ordered to sustain the motion to disqualify and transfer to another judge Relator's motions filed in December 2000 and all subsequent guardianship proceedings. Respondent Aiken is ordered to take no further action in said proceedings other than entering a final order on Relator's motion for unsupervised visitation.

Peremptory writs of mandamus and prohibition ordered issued.

PARRISH, P.J., and SHUM, J., concur.